**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CLIFFORD C. DISNEY, #173952,**

  **Plaintiff,**

              Civil No: 2:06-CV-12795
              Honorable Lawrence P. Zatkoff
              Magistrate Judge Paul J. Komives

v.

**CITY OF DEARBORN, et. al.**

  **Defendants.**

___

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

**I. Introduction**

  Plaintiff, Clifford C. Disney, presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has seemingly filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 503 U.S. 388 (1971). Plaintiff asserts that he was the subject of a traffic stop, at which time pills were found on his person and clothing was found in his car. Plaintiff was subsequently arrested. Plaintiff further claims that he was maliciously prosecuted and has suffered physical and mental distress. Accordingly, Plaintiff has filed this prisoner's civil rights complaint and requests that he be compensated in the sum of one million six hundred thousand ($1,600,000.00) dollars. However, if any of the Defendants decide to appeal the decision of this Court then Plaintiff requests an award of three million two hundred thousand ($3,200,000.00) dollars. For the reasons that follow, the Court summarily dismisses Plaintiff's Complaint with prejudice for failure to state a claim.

## II. Statement of Facts

Plaintiff claims that he was maliciously prosecuted following his arrest on April 14, 2003. According to the Plaintiff, he was stopped by an unmarked Dearborn police narcotics vehicle for allegedly failing to use his turn signal. The officers allegedly requested Plaintiff's identification, asked that the Plaintiff get out of the vehicle and ultimately proceeded to search the Plaintiff's person and his vehicle because he was seen leaving a residence from which narcotics are known to be sold. Pills were purportedly found in Plaintiff's pocket and some clothing was found in Plaintiff's vehicle. Plaintiff was subsequently arrested for possession of narcotics and possession of stolen property. Plaintiff further states that on July 5, 2003, the drug possession and possession of stolen property charges were dismissed. As a result, Plaintiff has filed this lawsuit claiming malicious prosecution against the City of Dearborn, the Dearborn Police Department, Sergeant Brighton, unidentified "Narcotics Division Officers," an unnamed "Prosecutor" and the Wayne County Prosecutor's Office. Plaintiff is presently imprisoned at the Gus Harrison Correctional Facility for a conviction stemming from first degree retail fraud charges, which is unrelated to the facts giving rise to Plaintiff's Complaint in this matter.

## III. Discussion

When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee under the Prison Litigation Reform Act of 1996 ("PLRA"), a federal district court must determine *sua sponte* whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir.2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an

arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir.2000).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974).

**A. Failure to State a Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. See *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). Although a *pro se* civil rights complaint is to be construed liberally, See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the *pro se* litigant must still "plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief." *Walls v. Cleland,* 2006 WL 1235761 (E.D. Mich.) (May 8, 2006).

To prove a 42 U.S.C. §1985(3) claim:

> [A] complaint must allege that the defendants did (1) conspire ... (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. It must then assert that one or more of the conspirators (3) did, or caused to be done, any act in furtherance of the object of [the] conspiracy, whereby another was (4a) injured in his person or property or (4b) deprived of having and exercising any right or privilege of a citizen of the United States.

3

*Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). The plaintiff must show that the conspiracy is fueled by some "class-based, invidiously discriminatory animus." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (internal quotations omitted). Additionally, to succeed on a civil rights conspiracy claim, the plaintiff must demonstrate discriminatory purpose in that the defendants selected the particular course of action "'because of' not merely 'in spite of' its adverse effects upon an identifiable group." *Id.* at 272.

### 1.  Dearborn Police Department

The Dearborn Police Department is not a separate, suable entity a part from the City of Dearborn. See *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994). Therefore, to the extent that Plaintiff attempts to assert separate claims against the "Dearborn Police Department," those claims are dismissed.

### 2.  City of Dearborn

With respect to the City of Dearborn, a municipality cannot be sued under § 1983 solely on the basis that an injury has been inflicted by one or more of its police officers. The doctrine of *respondeat superior* does not apply to governmental entities. *Board of County Commissioners of Bryan College v. Brown*, 520 U.S. 387, 403 (1997). A governmental entity is liable under 42 U.S.C. § 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Plaintiff is required to demonstrate that the City of Dearborn, through its deliberate conduct, was the "moving force" behind the alleged deprivation of Plaintiff's rights secured under the Constitution of the United States. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

A custom must "be so permanent and well settled as to constitute a custom or usage with the

force of law." *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 695 (1978). It must reflect a course of action deliberately chosen by the city from among various alternatives. *Oklahoma City v. Tuttle,* 471 U.S. 808, 823 (1985). Plaintiff must also show that there is a direct causal link between a city policy or custom and the deprivation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. at 385-86 (1989). This causation element is necessary to avoid imposing *de facto respondeat superior* liability on the city under 42 U.S.C. § 1983, which is prohibited by *Monell* and its progeny. *Doe v. Claiborne County, Tn*, 103 F.3d 495, 507 (6th Cir.1996).

Plaintiff in this case not only fails to set forth any custom or policy allegations of liability relative to the City of Dearborn, but fails to allege any constitutional deprivation of rights. The crux of Plaintiff's claim is that he was maliciously prosecuted for possession of narcotics and possession of stolen property. He does not allege that the traffic stop was without probable cause, or was wrong or unreasonable. He does not allege that the subsequent search and seizure was illegal or unjustified; and he does not assert that his arrest was wrongful or improper. His two claims in this case are malicious prosecution and physical and mental distress[1]. Accordingly, Plaintiff has failed to state a claim against the City of Dearborn and it shall be dismissed from this lawsuit as a matter of law.

### 3. Wayne County Prosecutor's Office

A county prosecutor's office is not an entity subject to suit under §1983. *Hancock v. Washtenaw County Prosecutor's Office*, 548 F.Supp. 1255, 1256 (E.D.Mich.1982). Michigan is a jurisdiction in which the prosecutor is a constitutional officer, and there does not exist a

---

[1] Plaintiff's second claim is actually "physical and mental duress," however the Court will construe the claim to be physical and mental distress.

5

prosecutor's office. *Hughson v. County of Antrim*, 707 F.Supp. 304, 306 (W.D.Mich.1988). Instead the prosecutor is an individual who is elected in accordance with constitutional mandates. *Mich. Const. art. 7, § 4.* Since the prosecutor's office does not exist, it obviously cannot be sued. Accordingly, the Wayne County Prosecutor's Office is dismissed from this case.

### 4. The Unnamed Prosecutor

A prosecutor is entitled to absolute immunity when that prosecutor acts "as an advocate for the State" and engages in activity that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); see also *Burns v. Reed*, 500 U.S. 478, 491 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. at 430-31, 96 S.Ct. 984); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir.2002). The Supreme Court has explained, however, that "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). For example, a prosecutor who "performs the investigative functions normally performed by a detective or police officer" such as "searching for the clues and corroboration that might give him probable cause to recommend that a suspect be arrested" is entitled only at most to qualified immunity. *Id.*

In this case, Plaintiff not only fails to identify the prosecutor he is suing, but he fails to allege any facts relative to the "prosecutor's" participation in Plaintiff's prosecution and further fails to allege any facts which demonstrate that the prosecutor engaged in any activity other than conduct that is actually part of his function as an advocate for the state (i.e., preparation for the initiation of Plaintiff's prosecution or for the judicial proceedings in the underlying criminal case). Therefore, the Prosecutor must be dismissed.

### 5. Sergeant Brighton

Under Michigan tort law, a plaintiff seeking to sue on the grounds of malicious prosecution must prove the following four elements: (1) the defendant has initiated a criminal prosecution against him, (2) the criminal proceedings terminated in his favor, (3) the private person who instituted or maintained the prosecution lacked probable cause for his action, and (4) the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice. *Cox v. Williams,* 233 Mich.App. 388, 593 N.W.2d 173, 174 (1999).

Applying these factors to Plaintiff's case, although he has satisfied the second element of a malicious prosecution (i.e., on July 5, 2003, Plaintiff asserts that all charges relative to the underlying criminal case were dismissed), Plaintiff has failed to show the existence of the remaining three elements of the claim. Addressing the first element, criminal proceedings "are commenced with the filing of an information or indictment based upon a charge decision made by a state attorney or grand jury, or at least an arrest pursuant to a summons or arrest warrant issued by a committing magistrate." *Miami Herald Pub. Co. v. Ferre*, 636 F.Supp. 970, 977-78 (S.D.Fla.1985). As the Michigan Supreme Court has observed, public prosecutors possess the "independent authority to initiate criminal prosecutions." *Matthews v. Blue Cross & Blue Shield*, 456 Mich. 365, 572 N.W.2d 603, 613 (1998). "Thus, in Michigan, the prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution." *Id.* From this general proposition, it follows that individuals who lack such authority and discretion, such as police officers and private persons, can be liable for malicious prosecution only if they knowingly furnish false information that the prosecutor relies and acts upon in initiating criminal proceedings. See *Matthews v. Blue Cross & Blue Shield*, 572 N.W.2d at 613-15; see also

7

*Payton v. City of Detroit*, 211 Mich.App. 375, 536 N.W.2d 233, 242- 43 (1995). As this Court recently explained, "the case law confirms that a prosecutor's charging decision does not automatically insulate a police officer from liability for false statements in an incident report relied upon by the prosecutor." *Strutz v. Hall,* 308 F.Supp.2d 767, 787 (E.D.Mich.2004); see also *Adams v. Metiva*, 31 F.3d 375, 388-89 (6th Cir.1994).

Factually, Plaintiff alleges that Sergeant Brighton: (1) retrieved the six pills from Plaintiff's coat pocket; (2) asked him some questions about the pills; (3) "noticed some clothing in Plaintiff's car and asked him where he got them;" and (4) arrested Plaintiff for possession of narcotics and possession of stolen property. *(Plaintiff's Complaint, pg. 2).* Plaintiff has made no factual allegations about Sergeant Brighton's involvement in knowingly furnishing false information that the prosecutor relied and acted upon in initiating criminal proceedings against the Plaintiff in the underlying case.

Second, under Michigan law, a police officer cannot be found liable for malicious prosecution when probable cause to arrest has been established. *King v. Arbic* , 159 Mich.App. 452; 406 N.W.2d 852 (1987). In this case, Plaintiff's claim of malicious prosecution against Sergeant Brighton cannot be maintained because he makes no allegation that probable cause for his arrest was lacking. Plaintiff's complaint does not set forth a claim that the traffic stop was wrongful, that the search and seizure was illegal, that his arrest was unlawful, and he does not dispute the fact that the drugs were found on his person (although he does deny that the clothing that was found in his car was stolen). Where a plaintiff fails to state a claim for malicious prosecution under state law, no claim under 42 U.S.C. § 1983 may be maintained. *Terket v. Lund*, 623 F.2d 29, 31-32 (7th Cir.1980).

Finally, Plaintiff alleges in his complaint that Sergeant Brighton "maliciously filed charges knowing that [he] had no case." *(Prisoner Civil Rights Complaint Form, pg. 4).* A showing of malice, the fourth element of Plaintiff's malicious prosecution claim, in this context requires more than mere conclusory allegations; it cannot be asserted without corroborating factual specificity. See *Lee v. Milhalich*, 847 F.2d 66, 70-71 (1988). In the present case, the Plaintiff's bald assertion of malice with no allegations to support a factual basis is insufficient to sustain a malicious prosecution claim.

The Court finds that elements one, three and four have not been met on the face of Plaintiff's complaint, thereby defeating his malicious prosecution claim against Sergeant Brighton.

### 6. The Narcotics Division Officers

Plaintiff alleges in his complaint that he was stopped by a marked unit of the Dearborn Police Department while driving and was "approached by a man in plain clothes who said he was with the Dearborn Narcotics unit and he wanted to know if Plaintiff had any narcotics on him." *(Plaintiff's Complaint, pp. 1-2).* Plaintiff further alleges that another Dearborn Narcotics Officer stated that he saw the Plaintiff go into a home from which the resident purportedly sells narcotics. *Id.* It is these unidentified officers that Plaintiff claims maliciously prosecuted him for possession of stolen property and possession of narcotics. Additionally, these statements of facts as set forth in Plaintiff's complaint is the extent of the allegations against these officers.

Based upon what is required to establish a genuine issue of fact relative to a malicious prosecution claim, the face of Plaintiff's complaint must set forth facts to substantiate the elements of the claim as set forth above. The Court finds that Plaintiff has failed to allege any facts regarding these Dearborn Narcotics Officers' role in Plaintiff's alleged malicious prosecution. See

*Fed.R.Civ.P. 8(a)* (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief); see also *GJR Invs. Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir.1998) ( "[A] § 1983 plaintiff [must] allege with some specificity the facts which make out its claim").

### 7.  42 U.S.C. §1985

Plaintiff has also filed this case pursuant to 42 U.S.C. §1985, which requires a showing, or at the very least allegations set forth in Plaintiff's complaint, of a conspiracy by the party defendants which was fueled by discrimination and which resulted in a deprivation of Plaintiff's constitutional rights under the laws of equal protection.  Plaintiff has not made any allegations of discrimination against the Defendants in this matter.  Even upon the most liberal interpretation of Plaintiff's complaint, there is no indication that Plaintiff claims the Defendants in this case conspired to maliciously prosecute the Plaintiff and that the conspiracy was motivated by discrimination.

Therefore, Plaintiff's 42 U.S.C.§1985 claim is dismissed.

### 8.  Mental & Physical Distress

The compensable elements of a §1983 damage award are not limited to out-of-pocket expenses but may also include emotional and mental distress. *Glasson v. City of Louisville*, 518 F.2d 899 (6th Cir. 1975). Courts that have recognized the tort of mental distress, including *Pratt v. Brown,* 855 F.2d 1225 (6th Cir.1988), have identified four elements essential to a prima facie claim: (1) extreme and outrageous conduct[2]  that is (2) intentional or reckless and (3) causes (4) severe

---

[2] Liability has been found only where the conduct has been so outrageous in character, and so extreme in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Roberts v. Auto Ins*, 422 Mich. 594, 602-03; 374 N.W.2d 905 (1985) (citing *Restatement Torts, 2d,* § 46, comment d, pp. 72-73).

emotional distress.[3]  Plaintiff has not pled facts sufficient to show that he has been subjected to mental distress.

Plaintiff also states that he has suffered physical distress.  Generalized claims of physical distress, pain, and suffering, however, are insufficient to satisfy the definite and objective physical injury requirement. *Meyerhoff v. Turner Constr. Co.*, 202 Mich.App. 499, 509 N.W.2d 847, 850 (1994). The Court finds that Plaintiff's physical distress claim must be dismissed because he failed to allege that he suffered a definite and objective physical injury. *Soto v. U.S.*, 63 Fed.Appx. 197, 199 (6th Cir. 2003).

---

[3]The commentary to the Second Restatement of Torts explains the emotional distress requirement as follows:

> The rule stated in this Section applies only where the emotional distress has in fact resulted, and where it is severe. Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea....

**IV. Conclusion**

For the reasons stated, the Court concludes Plaintiff has failed to state a claim upon which relief can be granted relative to all party defendants.

Accordingly,   IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1-1, filed June 22, 2006]** is summarily **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the Plaintiff's Application for Prisoner to Proceed Without Pre-Payment of Fees or Costs **[Docket No: 1-2, filed June 22, 2006]** is **DENIED** as moot.

                                                                        s/Lawrence P. Zatkoff
                                                                        LAWRENCE P. ZATKOFF
                                                                        UNITED STATES DISTRICT JUDGE

Dated:  August 2, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 2, 2006.

                                                                        s/Marie E. Verlinde
                                                                        Case Manager
                                                                        (810) 984-3290