# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**CLIFFORD C. DISNEY,**

    **Plaintiff,**

                                                      Civil No: 2:06-CV-12795
                                                      Honorable Lawrence P. Zatkoff

v.

**CITY OF DEARBORN, et. al.**

    **Defendants.**

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on September 6, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Plaintiff's "Motion to Set Aside the Courts [sic] Opinion & Order" (Docket #5). In an August 2, 2006 Order, the Court summarily dismissed Plaintiff's Complaint, with prejudice. On July 17, 2007, Plaintiff filed the instant motion, which the Court treats as a Motion for Reconsideration of the August 2, 2006 Order. For the reasons set forth below, Plaintiff's Motion is DENIED.

## I.  APPLICABLE LEGAL STANDARD

In order to obtain reconsideration of a particular matter, the party bringing the motion for reconsideration must (1) demonstrate a palpable defect by which the court and the parties have been misled; and (2) demonstrate that "correcting the defect will result in a different disposition of the

case." United States District Court, Eastern District of Michigan Local Rule 7.1(g). See also *Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir.6) 2004; *Aetna Cas. and Sur. Co. v Dow Chemical Co.*, 44 F.Supp.2d 865, 866 (E.D. Mich. 1999); *Kirkpatrick v. General Electric*, 969 F.Supp. 457, 459 (E.D. Mich. 1997). In addition, a motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order. *See* E.D. Mich. L.R. 7.1(g)(1).

## II. ANALYSIS

The Court notes that Plaintiff failed to adhere to the requirement that his motion for reconsideration be filed within 10 days of the date of entry of the Order. Instead, Plaintiff filed his motion nearly one year later. More importantly, Plaintiff's Motion and brief in support thereof do not "demonstrate a palpable defect by which the court and the parties have been misled." Rather, Plaintiff simply suggests that this Court did not allow him to file a "full" complaint. That "argument" is not sufficient to demonstrate that the Court has been misled or that there was a palpable defect in the Order (nor is it true, as the Court has not barred Plaintiff from filing any document).

## III. CONCLUSION

Accordingly, and for the reasons set forth above, Plaintiff's Motion to Set Aside the Courts Opinion & Order (Docket #3) is DENIED.

IT IS SO ORDERED.

              s/Lawrence P. Zatkoff
              LAWRENCE P. ZATKOFF
              UNITED STATES DISTRICT JUDGE

Dated: September 6, 2007

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 6, 2007.

                                       s/Marie E. Verlinde
                                       Case Manager
                                       (810) 984-3290